UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | Case No.  6:09-bk-13537-KSJ |
| ADAM CHARLES WATERS and ) | Chapter 7 |
| MELLISSA ANNE WATERS, ) | |
| ) | |
| Debtors. ) | |
| ) | |
| ADAM CHARLES WATERS and ) | |
| MELLISSA ANNE WATERS, ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | Adversary No. 6:13-ap-00070-KSJ |
| ) | |
| JPMORGAN CHASE BANK, NA and ) | |
| DEUTSCHE BANK NATIONAL TRUST ) | |
| COMPANY, AS TRUSTEE FOR ) | |
| MORGAN STANLEY ABS CAPITAL I ) | |
| INC. TRSUT 2005-HE7, MORTGAGE ) | |
| PASS THROUGH CERTIFICATES, ) | |
| SERIES 2005-HE7, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION GRANTING
DEFENDANTS' MOTION TO DISMISS**

Plaintiffs, the Debtors Adam and Mellissa Waters, seek an injunction prohibiting the Defendants from reforming their mortgage to correct an incorrect legal description, alleging reformation of a mortgage is an *in personam* proceeding that violates the discharge injunction in Bankruptcy Code 11 U.S.C. § 524(a)(2).[1]  Plaintiffs also request that the Court declare the mortgage lien invalid because of the incorrect legal description.  Defendants filed a Motion to

---

[1] All references to the Bankruptcy Code shall be to 11 U.S.C. § 101 *et seq.*

Dismiss the Plaintiffs' adversary proceeding,[2] contending their lien is valid, notwithstanding the improper legal description, and reformation is an *in rem* proceeding which is not barred by the discharge injunction. Because the Court agrees with the Defendants that their state court action to reform the mortgage is an *in rem* action against the property, and not a prohibited *in personam* action to collect a debt from the Debtors personally, the Defendants' Motion to Dismiss is granted.

On September 1, 2009, when the Plaintiffs filed their Chapter 7 bankruptcy, they listed their Orlando residence (the "Property") as an asset and scheduled a $143,943 secured mortgage loan owed to the Defendants.[3] Plaintiffs indicated that they intended to reaffirm this debt and continue making payments to the Defendants.[4] On December 30, 2009, the Plaintiffs received a discharge and their bankruptcy case was closed.[5] Plaintiffs never actually reaffirmed the debt or continued making their mortgage payments, however, and, on October 25, 2012, the Defendants filed an action in state court to foreclose the Property and to reform the mortgage after they discovered an incorrect legal description of a property in *Orange County*, California, attached to the last page of the mortgage, rather than a description of the Property located in *Orange County*, Florida.[6] The mortgage did list the proper *address* of the property in Orlando on the front page. The only error was that the mortgage referred to Orange County California instead of Orange County Florida.

Plaintiffs, now armed with the knowledge of the improper legal description, reopened their bankruptcy[7] to file this adversary proceeding to declare the Defendant's mortgage lien

---

[2] Doc. No. 14.
[3] Doc. No. 1, Schedules A and D in Main Case No. 09-bk-13537-KSJ.
[4] *Id.* (Chapter 7 Individual Debtor's Statement of Intention).
[5] Doc. No. 14 in Main Case No. 6:09-bk-13537-KSJ.
[6] Case No. 12-CA-017675-0 filed in the Circuit Court for the Ninth Judicial Circuit in Orange County, Florida.
[7] Doc. No. 18 in Main Case No. 6:09-bk-13537-KSJ.

invalid and to prevent reformation of the mortgage, arguing it is a debt collection action against them personally, which is prohibited by the discharge injunction in § 524(a)(2).[8] Defendants seek dismissal of the Plaintiffs' complaint, arguing the requested reformation of the Plaintiffs' mortgage is merely an *in rem* action against the Property, not an action against the Plaintiffs personally, and therefore does not violate the discharge injunction.[9] Defendants also ask the Court to abstain from ruling upon the Plaintiffs' request to declare the mortgage lien invalid because of the mistaken description because the matter already is properly before the state court.

Federal Rule of Civil Procedure Rule 12(b)(6), made applicable by Bankruptcy Rule 7012, provides that a court should grant a motion to dismiss if a complaint fails to state a claim upon which relief can be granted. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would support his claim and entitle him to relief.[10] Courts must accept the factual allegations of a complaint as true and construe them in the light most favorable to the plaintiff.[11]

The facts are not at issue in this case, and the determination of the Defendants' Motion to Dismiss is entirely a question of law. Section §524(a)(2) states that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a *personal* liability of the debtor, whether or not discharge of such debt is waived."[12] Thus, the first question before this Court is whether the Defendants' reformation action is an *in personam* action that violates the discharge injunction because it attempts to recover discharged personal liabilities of the Debtors, or whether the action is an *in rem* action against the Property only. If the action is *in rem*, it does

---

[8] Doc. No. 1.
[9] Doc. No. 14.
[10] *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003).
[11] *Financial Security Assur., Inc. v. Stephens, Inc.,* 450 F.3d 1257, 1262 (11th Cir. 2006).
[12] 11 U.S.C. § 524(a)(2) (emphasis added).

not run afoul of the discharge injunction, and the Defendants may proceed in state court.[13] Assuming the mortgage may not be reformed, the next question before the Court is whether the Defendants' lien is still valid.

Whether reformation is an *in rem* action depends on the type of remedy sought, not whether real property is involved. Where the rest of the proceeding relates to real property and a court's decision *is directed at the property itself*, the action is deemed *in rem* and does not disrupt a debtor's discharge.[14] For example, it is well established that the prosecution of a mortgage foreclosure is against real property, does not seek to hold a debtor individually responsible, and may continue despite a debtor's bankruptcy discharge.[15] In contrast, where the object of the proceeding only *incidentally* affects real property, such as where title transfers as a result of holding an individual personally responsible for a bad act such as fraud, the action indeed is *in personam*.[16]

Plaintiffs argue reformation only indirectly affects the Property and therefore is an *in personam* action.[17] To support this argument, the Plaintiffs cite cases where other courts have allowed reformation or imposed other equitable acts affecting real estate outside their jurisdiction, which, according to the Local Action Rule, may only be accomplished through *in*

---

[13] *Johnson v. Home State Bank*, 501 U.S. 78, 111 S. Ct. 2150, 2151, 115 L. Ed. 2d 66 (1991) (holding a mortgage lien securing an obligation for which a debtor's personal liability has been discharged in a Chapter 7 liquidation is a "claim," and a bankruptcy discharge extinguishes only an *in personam* mode of enforcing a claim, but leaves an *in rem* action intact). *In rem* is a term used to designate proceedings or actions instituted *against a thing,* compared to personal *"in personam"* actions. *In re Stephens*, 276 B.R. 610, 614 (B.A.P. 8th Cir. 2002) aff'd, 53 F. App'x 392 (8th Cir. 2002) (citing *Black's Law Dictionary* 713 (5th ed.1979) (emphasis in original)).

[14] *Publix Super Markets, Inc. v. Cheesbro Roofing, Inc.,* 502 So. 2d 484, 486 (Fla. Dist. Ct. App. 1987) (stating "Every cause of action the object of which requires the court to act *directly* on property, or on the title to the property (the res), is an *in rem* action.").

[15] *In re Annen*, 246 B.R. 337, 340 (B.A.P. 8th Cir. 2000) (holding so of § 524 because a creditor's right to foreclose a mortgage passes through a bankruptcy unaffected).

[16] *State, Dep't of Natural Res. v. Antioch Univ.,* 533 So. 2d 869, 872 (Fla. Dist. Ct. App. 1988) (noting the surrender of property as an equitable remedy for fraud was an *in personam* action even though it incidentally related to real property) (citing *Royal v. Parado*, 462 So. 2d 849, 854 (Fla. Dist. Ct. App. 1985)).

[17] Doc. No. 17 at 4.

*personam* jurisdiction.[18] These cases are distinguishable from the reformation requested here, however, because in each of the cases cited, the equitable remedies, including reformation, were only incidentally related to real estate, and the Local Action Rule did not apply.[19] The true objects in those proceedings were a marital dispute,[20] a contractual agreement for elderly care,[21] fraud, and breach of fiduciary duty.[22]

The res and true focal point in this proceeding, conversely, is the Property itself, encumbered by the Defendant's mortgage lien. The Court accordingly finds reformation of this mortgage is an *in rem* action because interest in the Property is not merely an incidental outcome, it is the heart of the entire dispute.

Furthermore, requesting reformation in this case is a completely reasonable request. When the Plaintiffs filed bankruptcy, they acknowledged in their schedules that they owed a debt to the Defendants, that the debt was secured by their home, and that they intended to reaffirm this debt to avoid losing their home to foreclosure. Now, after failing to pay the acknowledged secured debt, the Plaintiffs ask this Court to invalidate the Defendants' mortgage so they can keep their house for free. The Court finds no just basis to provide such an inequitable windfall. The Court specifically finds the Defendants did not violate the discharge injunction by filing a state court action to reform the mortgage, and the Defendants' Motion to Dismiss is granted.

---

[18] *Bauman v. Rayburn*, 878 So. 2d 1273, 1274 (Fla. Dist. Ct. App. 2004) (citing *Publix Super Markets, Inc.,* 502 So.2d at 487). According to the "Local Action Rule," a court is prohibited from exercising *in rem* jurisdiction over property located outside its geographical territory. Thus, an action directly related to the legal status of real property, such as an action to quiet title or to foreclose a mortgage or lien, must be brought in the jurisdiction wherein the property is located. In contrast, even if the relief sought might incidentally affect real property located outside a court's jurisdiction, *in personam* jurisdiction is not limited. *Lallouz,* 695 So.2d at 468.

[19] *Bauman v. Rayburn*, 878 So. 2d at 1275 (noting the Local Action Rule does not apply to *in personam* jurisdiction).

[20] *Troiano v. Troiano*, 549 So. 2d 1053, 1055 (Fla. Dist. Ct. App. 1989) ("the res of the proceeding was the marital relationship between [the parties].").

[21] *Royal v. Parado*, 462 So. 2d 849, 851 (Fla. Dist. Ct. App. 1985) (granting equitable remedy of rescission where appellants failed to fulfill oral contract of providing care to elderly appellee in exchange for rights to her real property).

[22] *Bauman v. Rayburn*, 878 So. 2d at 1275 (granting equitable remedy of constructive trust on land because the local action rule does not apply to tortious actions involving fraud or breach of fiduciary duty).

As to the second question regarding the legitimacy of the Defendants' lien, the Court could hear argument and determine its validity, but instead it chooses to abstain. A court has broad discretion under 28 U.S.C. § 1334(c)(1) to abstain from a hearing or proceeding "in the interest of justice or in the interest of comity with state courts or respect for State law."[23] A court should consider factors such as (1) the effect on the administration of the bankruptcy estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of state law; (4) the presence of related proceedings in State Court; (5) the substance rather than form of an allegedly core proceeding; and (6) the existence of a right to jury trial.[24] Abstention is appropriate here where the Debtors' claims are mortgage issues predicated on matters of State law, the claims are the subject of an ongoing mortgage foreclosure action, and allowing the State Court to resolve the mortgage issues will not adversely affect the Debtors' bankruptcy case.[25] Therefore, the Defendants' Motion to Dismiss also is granted as to the determination of the lien's validity. A separate order consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, on August 20, 2013.

*[signature]* K.O.

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

---

[23] 28 U.S.C. § 1334(c)(1) states: "Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

[24] *In re Kurinsky*, 12-ap-215 at Doc. No. 27 (citing *FCCI Commercial Insurance Company v. Armour*, 2012 WL 4208056 at 3 (M.D. Fla. 2012)).

[25] *Id.*